**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4406

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

RODNEY ALLEN PICKETT,

     Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  Michael F. Urbanski, Senior District Judge.  (2:23-cr-00009-MFU-PMS-1)

Submitted:  April 24, 2025              Decided:  April 28, 2025

Before RICHARDSON and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Dana R. Cormier, DANA R. CORMIER, PLC, Staunton, Virginia, for Appellant.  Zachary T. Lee, Acting United States Attorney, S. Cagle Juhan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Allen Pickett was sentenced to 240 months in prison after a jury convicted him of multiple narcotics and firearms offenses, including conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846. Through counsel, Pickett raises a sole argument on appeal,* to wit: that the district court erroneously denied his Fed. R. Crim. P. 29 motion for judgment of acquittal on the conspiracy count because the Government presented no evidence of an agreement to distribute the narcotics. Finding no error, we affirm.

We review the district court's denial of Pickett's Rule 29 motion de novo. *United States v. Watkins*, 111 F.4th 300, 308 (4th Cir. 2024). "In reviewing a challenge to the sufficiency of the evidence, an appellate court must ask whether there is substantial evidence, taking the view most favorable to the Government, to support the conviction." *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019) (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (cleaned up). Thus, "appellate reversal on grounds of insufficient

---

* Because Pickett is represented by counsel who has filed a merits brief in this appeal, we deny his motion to file a pro se supplemental brief. *See United States v. Penniegraft*, 641 F.3d 566, 569 n.1 (4th Cir. 2011) (denying motion to file pro se supplemental brief because defendant was represented by counsel and appeal was not submitted pursuant to *Anders v. California*, 386 U.S. 738 (1967)).

evidence will be confined to cases where the prosecution's failure is clear." *Id.* (cleaned up).

"[L]ike the district court, we must give deference to the jury's determination: On an appeal challenging the sufficiency of evidence, we assess the evidence in the light most favorable to the government, and the jury's verdict must stand unless we determine that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Watkins*, 111 F.4th at 308 (internal quotation marks omitted). And when resolving issues of substantial evidence, we do not reweigh the evidence or reassess the factfinder's determination of witness credibility and must assume that the jury resolved all contradictions in testimony in favor of the Government. *United States v. Ziegler*, 1 F.4th 219, 232 (4th Cir. 2021). We conclude that substantial evidence supports the jury's verdict here.

To prove that Pickett was involved in a drug distribution conspiracy, "the Government was required to show (1) an agreement between two or more persons to distribute and possess with the intent to distribute methamphetamine; (2) [Pickett's] knowledge of the conspiracy; and (3) [Pickett's] knowing and voluntary participation in the conspiracy." *United States v. Seigler*, 990 F.3d 331, 337 (4th Cir. 2021). According to Pickett, the Government failed to establish the first element beyond a reasonable doubt because the trial evidence established only "a buyer/seller relationship between [himself] and his alleged co-conspirators." (Appellant's Br. (ECF No. 14) at 2).

It is well-established that the agreement underlying a conspiracy "need not be formal and may instead be a tacit or mutual understanding between the defendant and his

3

accomplice." *United States v. Henderson*, 107 F.4th 287, 293 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 145 S. Ct. 578 (2024). Thus, "evidence of continuing relationships and repeated transactions can support the finding that there was a conspiracy, especially when coupled with substantial quantities of drugs." *Id.* (cleaned up). "And while a mere buyer-seller relationship is insufficient to support a conspiracy conviction, such evidence is relevant and probative on the issue of whether a conspiratorial relationship exists." *Id.* (cleaned up).

Upon review, we hold that the Government presented ample evidence to support Pickett's conspiracy conviction. Three coconspirators testified at trial, detailing their knowing participation in a months-long methamphetamine distribution ring. For instance, a supplier explained how he sold pounds of drugs to Pickett, who in turn used couriers and sub-distributors—two of whom testified—to redistribute the drugs. While "the uncorroborated testimony of an accomplice may be sufficient to sustain a conviction," *United States v. Baker*, 985 F.2d 1248, 1255 (4th Cir. 1993), the coconspirators' testimony also corroborated each other's testimony from which a jury could infer that the parties agreed to engage in a drug distribution conspiracy, *see Henderson*, 107 F.4th at 293. Indeed, undisputed testimony established that Pickett regularly fronted drugs to one courier. *See United States v. Hicks*, 368 F.3d 801, 805 (7th Cir. 2004) (explaining that "'fronting'" can be evidence of a conspiracy). Testimony also established that Pickett repeatedly bought pounds of methamphetamine from his supplier over the course of several months and then distributed the drugs in smaller quantifies for a profit. *Cf. Seigler*, 990 F.3d at 338 (recognizing "that evidence of a single buy-sell transaction involving a

substantial quantity of drugs can support a reasonable inference of knowing participation in a distribution conspiracy," and holding that "two pounds of methamphetamine readily satisfies the threshold . . . quantity" to support a jury's inference that a supplier was aware that drugs he sold were "for redistribution" (internal quotation marks omitted)).

Thus, Pickett has not satisfied the "heavy burden" of showing that no reasonable juror could have found that he entered into an agreement with his coconspirators to sell methamphetamine. *United States v. Dennis*, 19 F.4th 656, 665 (4th Cir. 2021) (internal quotation marks omitted). Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*