UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
July 28, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

UNITED STATES OF AMERICA,
      Respondent          :

                       :

v.                              Crim. No. 2:23-cr-00009-MFU-PMS-1

                       :

RODNEY ALLEN PICKETT         :
          Movant

                       :

                       :

MEMORANDUM OF LAW IN SUPPORT OF

WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2255

TO THE HONORABLE COURT:

    COMES NOW, Rodney Allen Pickett, Movant Pro Se, in the above captioned case, and respectfully files this Memorandum of Law In Support of Writ of Habeas Corpus, pursuant to 28 U.S.C. §2255, whose application is attached and submitted herein. Mr. Pickett shows cause in support of his writ through the following.

## TABLE OF CONTENTS

Table of Authorities Cited                                                    ii

Statement of Preference                                                      iii

I. Statement of the Case                                                       1

II. Jurisdiction                                                               4

III. Evidentiary Hearing                                                      4

IV. Grounds for Relief                                                         4

V. Standard of Review                                                         5

VI. Legal Arguments                                                           5

VII. Actual Innocence as a Gateway to Review Under Schulp v. Delo            26

VIII. Conclusion and Prayer for Relief                                       27

## Exhibits

Affidavit of Rodney Allen Pickett

TABLE OF AUTHORITIES CITED

I. Constitution, Statutes, Regulations and Rules

U.S. Constitution, Sixth Amendment                        5,6,14,22
18 U.S.C. §3161                                    5,6,8,10,11,13
18 U.S.C. §3162                                                 14

21 U.S.C.§841                                                    1
26 U.S.C. §5845, §5861, §5871                                    1
28 U.S.C. §2255                                                  1


Fed R. Civ. P. 37(a)(1),(e)(1),(2)(B)                           17
Fed R. Crim P. 47(d)                                            10


II. Cases

Arizona v. Youngblood                                           18
Barker v. Wingo                                    7,9,11,12,13,16
Cuyler v. Sullivan                                           22,23
Doggett v. United States                                     7,13
Elmore v. Ozmint                                                20
Fields v. Att'y Gen. of Maryland                             6,17
Giglio v. United States                                        18
Love v. Johnson                                                17
Schulp v. Delo                                               21,26
Machioba v. United States                                       4
Strickland v. Washington                          6,15,17,18,19
Zedner v. United States                                     11,16
United States v. Boxley                                        17
United States v. Burgess                                       13
United States v. DeTemple                                      22
United States v. Ellis                                         17
United States v. Gonzalez                                       9
United States v. Grimmond                                       7
United States v. Hall                                         9,12
United States v. Hernandez                                      8
United States v. Keith                                         14
United States v. Mason                                         14
United States v. Nicholson                                     22
United States v. Ramirez                                      8,9
United States v. Shealey                                       10
United States v. Strunk                                        16
United States v. Tatum                                         22
United States v. Taylor                                        16
United States v. Thomas                                      4,10
United States v. Tunnessen                                     14
United States v. Williams                                   12,14
United States v. Woolfolk                                    7,9,13
United States v. Witherspoon                                    4

## STATEMENT OF PREFERENCE

Rodney Allen Pickett, Movant herein, Pro Se, respectfully requests this Honorable Court for permission to supplement this 2255 motion in the interest of the Fifth Amendment of due process as a matter of law, and to liberally construe this plea ding, pursuant to Supreme Court precedent Haines v. Kerner, 404 U.S. 519 (1972), which holds:

"Pro Se litigants shall be held to a less stringent standard of review than that reserved for Attorneys at Law"

## I. STATEMENT OF THE CASE

A. Procedural History

Movant was arrested April 20, 2023 for alleged possession and distribution of methamphetamine and felon in possession of a firearm, in violation of 21 U.S.C. §841(a)(1), (b)(1)(c), 18 U.S.C. §922(g)(1), §924(a)(8), (c)(1)(A)(ii), 26 U.S.C. §5861(i), §5845(a), §5871.

Movant made his initial appearance before Magistrate Pamela Sargent, where he was ordered detained. The preliminary hearing was scheduled for May 2, 2023. An indictment was returned May 24, 2023, and arraignment was heard on June 1. Here, the Magistrate scheduled the Jury Trial for July 18, 2023 - 84 days after the initial appearance, with no continuances granted or ends of justice findings.

On June 12, 2023, Movant filed his first pro se motion asserting his right to a speedy trial (ECF#39). On June 14, in open court, Movant's public defender, Jay Steele withdrew as counsel (ECF#45). Here, Movant asserted his right to a speedy trial in open court (ECF#50). Public defender John Jessee was appointed as Movant's second counsel on June 16 (ECF#54).

The Government filed a motion to continue on June 20, 2023, claiming ends of justice and un-forseen un-availability of their key material witness, forensic chemist Michaela Harper, for testimony as the Government claimed without supporting evidence that she was pre-scheduled for maternity leave in late July. There, the Government purported Ms. Harper to be un-available until December 2023, but was otherwise ready for trial (ECF#56). No records, doctor's notes or affidavits were submitted to support the claim.

Although Movant opposed the continuance as reflected in his counsel's

1

reply to the Government's motion, attorney Jessee supported the motion in conflictwith Movant's consent (see: ABA Rule 1.4(a)(1)), as Movant did not consent to counsel's consent to a continuance. Counsel made no attempt to attack the facial defects of the Government's motion (ECF#59).

At the June 29 hearing, Judge Urbanski was remotely teleconferenced to the proceedings. Movant objected to the Government's request. Judge Urbanski gave his next available date as August 28, which was withn the range of the material expert's alleged maternity leave, leading the AUSA to melodramatically throw her pen on the floor and exclaim "I can't get my witness here by then!".

The written order was issued June 29, 2023 (ECF#63). Counsel failed to contest the defects of the order: the computer-font signature; lack of specificity for the length of continuance: no ends of justice analysis; nor order to compel the Government to locate a substitue witness. Seven days after the Court gave an oral motion granting the continuance, the Government filed a superceding indictment, contradicting their statement asserting trial readiness nine (9) days prior (ECF#60). The February 12, 2024 trial date was not set until July 25 (ECF#73).

Movant again inquired about his speedy trial rights on September 5 (ECF#78), and a motion to terminate John Jessee (ECF#79). The additional motions to dismiss for violations of §3161 were filed between September 18 and 27 (ECF#82, 84, 85), in addition to a bar complaint.

The Magistrate held a hearing to terminate John Jessee as counsel and his motion to withdraw on October 10 (ECF#86), granting the motion. Attorney Donald Williams, Jr. was appointed as third counsel, who also was assistant D.A. and worked with the same multi-jurisdictional drug task force involved with Movant's case. This conflict prevented Williams from working on the case, whereby attorney

2

Williams withdrew (ECF#94). Magistrate Judge Sargent appointed attorney
Charles Bledsoe as Movant's fourth attorney.

Despite having secured a 7-month continuance, the Government waited
until 21-days before trial to file a second superceding indictment on
January 23, 2024 (ECF#106), counts 1ss through 9ss and adding two
codefendants: James Looney and Chasity Holbrook, whose Speedy Trial clocks
had already started.

The Jury Trial was held on February 14 through 16, 2024, with guilty
verdicts on all Counts except for 8ss (ECF#133).

On April 1, 2024, Movant again asserted his right to a speedy trial by
filing a motion to dismiss on those grounds (ECF#138), and denied by Judge
Urbanski on April 2, 2024 (ECF#139).

Sentencing was held on July 16, 2024, where Movant was sentenced to an
aggregated term of 240 months on all counts(ECF#152).

Movant filed his notice of appeal with the Fourth Circuit Court of
Appeals on August 1, 2024(ECF#153). Movant was represented by attorney Dana
Cormier. The appeals court affirmed the district court's judgment, which
finalized the judgment on May 20, 2025. Movant now moves for relief on the
grounds of ineffective assistance of counsel which he now executes in this
habeas application and Memorandum.


B. Case Overview

This case involves the violation of Mr. Pickett's Sixth Amendment right
to effective assistance of counsel, where Mr. Pickett's public defenders
failed to provide competent representation by failing to assert and object
to violations of Movant's right to a speedy trial under 18 U.S.C. §3161 and
the Sixth Amendment; failing to develop an adequate defense and prejudice

3

through the appointment of an assistant district attorney who simultaneously
worked with the Virginia multi-jurisdictional narcotics task force that
investigated Mr. Pickett.

## II. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §2255. Movant
contends this writ of habeas corpus is timely, pursuant to 28 U.S.C. §2244,
the Anti-Terrorism Effective Death Penalty Act (AEDPA) as his conviction was
finalized on May 20, 2025. This filing is therefore within the 1-year
deadline.

## III. EVIDENTIARY HEARING

Pursuant to Rule(8) of the Rules Governing §2255 Proceedings, Mr.
Pickett respectfully requests this Honorable Court grant an  evidentiary
hearing to resolve the material factual disputes raised herein. When a
petitioner has alleged facts which, if true, would entitle him to relief,
the district court is obligated to hold a hearing unless the motion, files,
and records of the case conclusively show otherwise. See United States v.
Witherspoon, 231 F.3d 923, 925 (4th Cir. 2000); Machibroda v. United States,
368 U.S. 487, 494 (1962).

Because Movant's claims involve matters outside the trial record-
including the existance and effect of omitted evidence-a hearing is
necessary to develop the factual record.

## IV. GROUNDS FOR RELIEF

GROUND 1: INEFFECTIVE ASSISTANCE OF COUNSEL PERTAINING TO VIOLATIONS OF THE
SPEEDY TRIAL ACT, 18 U.S.C. §3161 AND THE SIXTH AMENDMENT

GROUND 2: INEFFECTIVE ASSISTANCE OF COUNSEL IN DEVELOPMENT OF AN ADEQUATE
DEFENSE

GROUND 3: DENIAL OF CONFLICT FREE COUNSEL

## V. STANDARD OF REVIEW

Claims of ineffective assistance of counsel are evaluated under the test set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2025, 80 L. Ed.2d 674 (1984). To obtain relief, defendants must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. The Supreme Court stated: "The proper measure of attorney performance remains simply reasonableness under prevailing norms", Strickland at 688, 104 S. Ct. 2052. "We have long recognized that "[p]revailing norms of practice are reflected in American Bar Association standards and the like...are guides to determine what is reasonable..." Ibid. These two components are commonly referred to as the "performance" and "prejuidice" prongs. Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir. 1992).

## VI. LEGAL ARGUMENTS

A. GROUND 1 - INEFFECTIVE ASSISTANCE OF COUNSEL WITH VIOLATIONS OF THE SPEEDY TRIAL ACT, 18 U.S.C. §3161 AND THE SIXTH AMENDMENT

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial", U.S. Const. Amend VI.

The Speedy Trial Act, 18 U.S.C. §3161, requires that a federal criminal trial commence within 70 days of a defendant's initial appearance or indictment, whichever is later, unless specific days are tolled from the Speedy Trial clock.

Movant herein argues, and the record will show, that the Government

5

never intended to give him a speedy trial, and acted with malice in delaying proceedings to cause prejudice. Under Strickland, Movant's public defenders were deficient in filing a Speedy Trial motion, or a motion to dismiss, under 18 U.S.C. §3161(h).

Movant's initial appearance occurred on April 24, 2023 (ECF#11). The Magistrate scheduled the Jury Trial for July 18, 2023 before Chief Judge Michael Urbanski (ECF#31), 85 days after the initial appearance, representing a 15-day violation under the Speedy Trial Act.

On June 20, 2023, the Government surreptitiously filed a motion for continuance, and was granted on June 29, 2023 (ECF#63), citing an unavailable material witness (ECF#56). The Court failed to conduct findings to justify the exclusion of time under §3161(h). 7-days after Judge Urbanski gave the oral order for the continuance (ECF#57), the Government filed a superceding indictment (ECF#60).

Cumulatively, trial was delayed by 204 days.

While the Government cited the unavailability of their forensic chemist for a pre-scheduled maternity leave, the Government failed to produce any affidavits or medical records to support their claim or evidence that they attempted to use an alternative forensic chemist.

Movant made several attempts to assert his right to a speedy trial, and move for dismissal of the indictment under those grounds (ECF#50,78,82,85,138).

The systemic failure of Movant's public defenders who failed to demand and assert Movant's right to a speedy trial, severely prejudiced the defense.

1. MOVANT WAS DENIED HIS SIXTH AMENDMENT RIGHT UNDER THE BARKER BALANCING TEST

In Barker v. Wingo, the United States Supreme Court established a four-

6

factor balancing test to determine whether the Sixth Amendment speedy trial right was violated: 1) the length of the delay; 2) the reason for the delay; 3) the defendant's assertion of the right; and 4) prejudice to the defendant. The courts must weight all factors together, as no one factor is dispositive. See: Doggett v. United States, 505 U.S. 647 (1992). In Barker, the Court stated, " The Sixth Amendment guarantees the 'right to a speedy trial' for all criminal defendants."

Barker Analysis:

Factor 1: Length of Delay

In Doggett, 505 U.S. 647, 651-52, the court stated "The duration of the delay, in addition to being a factor in the Barker Test, also is a threshold requirement because the defendant must establish that the length of delay is at least presumptively prejudicial." "A postaccusation delay as short as eight months may qualify as presumptively prejudicial in cases of limited complexitry", See: United States v. Woolfolk, 399 F. 3d 590, 598 (4th Cir. 2005).

Here, Movant's trial was scheduled 14-days outside the 70-day statutory limit, and was the first violation of §3161 by the Magistrate (ECF#29). The second violation was the June 29 continuance, resulting in a cumulative delay of 204 days. United States v. Grimmond, 137 F.3d 823 (4th Cir. 1998) found that a 7-month delay was presumptively prejudicial in simple, non-complex cases similar to the case at bar.

While the Government's motion for continuance asserted their readiness for trial, but for the unavailability of their material witness, their issuance of (2) superceding indictments speaks otherwise. The 204 day delay allowed the Government to delay proceedings and issue the second superceding indictment a mere 21-days before trial, which is severe prejudice to

Movant's defense.

The Government's move for continuance was a ruse for their unpreparedness for trial and failure to verify the availability of key participants. ABA Guidelines for Litigation Conduct, Lawyers' Duties to the Court, #7: "Before dates for hearings or trial are set...we will attempt to verify the availability of necessary participants and witnesses so we can promptly notify the court of any likely problems.", American Bar Association Guidelines for Litigation Conduct, August 1988, pg. 544.

The Government has not proffered any reason for their glaring oversight to wait 57 days to notify the court that their key material witness, who had a foreseeable upcoming maternity leave, other than an obvious effort at delay.

The Government's move for continuance, on its face, appears to be intentionally dilatory in delay to gain an unethical, tactical advantage as they were not prepared for trial as stated (ECF#56), and fails 'due cause' standards, bad faith and neglect.

Setting a trial date outside the 70-day window is grounds for dismissal with prejudice, particularly absent a proper exclusion of time. See: United States v. Hernandez-Amparan, 600 F.Supp. 2d 839 (W.D. Texas 2009) and United States v. Ramirez, 973 F.2d 36, 39 (1st Cir. 1992).

In United States v. Gonzalez-Rodriguez, 2013 U.S. Dist. LEXIS 17538 (W.D. Virginia 2-7-13) J. Urbanski, the court held that "delay of 8-months or longer was presumptively prejudicial, triggering the speedy trial enquiry set forth in Barker v. Wingo". No such enquiry was ordered in this case, despite being on the 8-month threshold described in Woolfolk or Gonzalez-Rodriguez.

The length of delay for a simple, non-complex case here fails the first

Barker factor.

FACTOR 2: Reason for Delay

A seven month delay is substantial. In analyzing the second Barker
factor, the Fourth Circuit has stated that a court should characterize "the
reasons for a trial delay...as either valid, improper, or neutral." See:
United States v. Hall, 551 F.3d at 272 (citing United States v. Grimmond,
137 F.3d 823, 828 (4th Cir. 1998). In Barker, 307 U.S. 514, the Supreme
Court explained, Id. at 531: "A deliberate attempt to delay the trial in
order to hamper the defense should be weighted heavily against the
government.[] A more neutral reason such as negligence or overcrowded courts
should be weighted less heavily but nevertheless should be considered since
the ultimate responsibility for such circumstances must rest with the
government rather than with the defendant. Finally, a valid reason, such as
a missing witness, should serve to justify appropriate delay". Here, the
Court was silent on the validity of the Government's reason for delay, and
counsel was deficient for contesting on these grounds.

When a speedy trial act violation is caused by the court or prosecutor,
it weighs in favor of granting dismissal with prejudice, Ramirez, 973 F.2d
36,39 (1st Cir. 1992). As held by the Second Circuit, "[t]he Act controls
the conduct of the parties and the court itself during criminal pretrial
proceedings. Not only must the court police the behavior of the prosecutor
and the defense counsel, it must also police itself, Ramirez at 39.

The Government's request for continuance was proffered to be the
unavailablity of their material witness, Michela Harper, due to a pre-
secheduled maternity leave. The Government's motion failed to include an
affidavit or medical records from Harper to verify the claim and in

9

accordance with Fed. R. Crim. P. Rule 47(d). Further, there is no evidence
the Government attempted to locate a substitute witness. A forensic chemist
retained to conduct an analysis of a narcotics sample is a standard and
commonly available expertise, where an alternate could have been substituted
for Ms. Harper.

   Time exclusions under §3161(h)(3) are only permissible if the
unavailability of an essential witness is "unexpected" AND the Government
acted with due diligence. The Government's justification of a key witness's
pregnancy and foreseeable unavailability does not constitute a valid reason
for a delay of this magnitude, see §3161(h)(7)(c) and United States v.
Shealey, 641 F.3d 627 (4th Cir. 2021)(government's negligence and
foreseeable issues weigh against continuance).

   The Government filed a second superceding indictment twenty-one (21)
days before trial, adding two co-defendants. An ongoing investigation was
not an enumerated reason given by the Government in seeking their
continuance.

   The reason for delay fails the Barker test because the delay was caused
by the Government's lack of due diligence and on its face, was a deliberate
attempt to stall proceedings because they lacked sufficient evidence for
conviction.

   In granting the continuance, Chief Justice Urbanski's order (ECF#63)
lacked specificity, with no date range for the duration of delay, nor did it
include a calculation or justification by evidence or law, see: §3161(h)(7),
or a proper ends of justice analysis and finding of case-complexity per
§3161(h)(7)(B)(ii).

   The Clerk's office did not assign the February 12, 2024 trial date
until July 25, which represents an additional 1-month delay to the 6-month

10

continuance. These glaring omissions renders the exclusion invalid under
Zedner v. United States, 547 U.S. 489, 507 (2006), stating "The requirement
of §3161(h)(7)(A) is not optional or flexible." The Fourth Circuit has been
clear that foreseeable absences and lack of due diligence weighs against the
Government under Barker. See also: United States v. Thomas, 55 F.3d 144 (4th
Cir. 1995) and Shealey, 641 F.3d 627.

The reason for delay was Government and Judicial negligence, and should
be disqualified under the "ends of justice" analysis §3161(h)(7); therefore,
the second Barker factor weighs in favor of Movant. Counsel was
unprofessionally ineffective for failing to object for the Government's
failure to follow Federal rules and statutes, lodge objections or demand the
Government locate an alternate witness.

FACTOR 3: Defendant's Assertion of Right

When a defendant clearly asserts his right to a speedy trial, courts in
the Fourth Circuit have weighed in favor of the defendant. See: United
States v. Williams 756 F.2d 329 (4th Cir. 1985) and United States v. Hall,
supra.

In the case at bar, Movant made seven (7) assertions of his speedy
trial right. This factor weighs heavily in favor of Movant.

FACTOR 4: Prejudice to the Defendnat

Prejudice to the defendant is considered in three parts:

1) Oppressive pretrial incarderaton;

2) anxiety and concern, and

3) impairment of the defense.

See: United States v. Davenport, 935 F.2d 1223 (11 th Cir. 1991)[favorably

11

cited by the Fourt Circuit].

Movant was subject to oppressive pretrial incarceration and anxiety with extremely limited ability to interact with his public defenders, which represents a significant restraint on his Sixth and Eighth Amendment rights.

The gravanen of Movant's prejudice is obvious: The Government delayed trial to build their weak case based on circumstantial evidence, while they negotiated two §5K1.1 substantial assistance agreements with two co-defendants in exchange for their testimony against Movant.

The fourth Barker factor applies in two fashions: 1) the delay enabled the Government to build their case, depite claims they were prepared for trial, udner the pretense of an unavailable witness and 2) "[B]ecause the inability of .a defendant to adequately prepare his case skews the fairness of the entire system.", Barker 407 U.S. at 532. "Post accusation delay is presumptively prejudicial at least as it approaches one-year", Doggett, 505 U.S., 651-52. "A delay of 8-months may qualify as presumptively prejudicial in cases of limited complexity.", United States v. Burgess, 684 F.3d at 452 (citing United States v. Woolfolk, 399 F.3d 590, 598 (4th Cir. 2005). Had Movant's trial not been delayed, there is a reasonable probability that he would have been found NOT GUILTY by the jury. Therefore, the fourth Barker factor weighs heavily against the Government.

In summary, the Barker analysis clearly demonstrates by a preponderance of evidence that the Government and Court were negligent in due diligence, for the purpose of delay, to build a stonger case against Movant, because the Government was not prepared for trial, leading to sigificant prejudice to Movant. Counsel failed to lodge any reasonable objections to the Government's negligence or calling for a proper review under Barker.

2. THE CONTINUANCE WAS ILLEGAL UNDER 18 U.S.C. §3161(h)(7)(C)

§3161(h)(7)(C) states "No continuance under subparagraph (A) of this
paragraph shall be granted because of...failure to obtain available
witnesses on the part of the attorney for the Government."

This is the exact scenario in the case before the Court.    As stated in
Section I, the Government sought a continuance solely for the reason of the
un-availability of their key material witness, because of a foreseeable and
pre-scheduled maternity leave by forensic chemist Michela Harper. Movant's
counsel failed to object and move for dismissal pursuant to
§3161(c)(1),(c)(2); the prohibitive language of §3161(h)(7)(C); and pursuit
of sanctions against the AUSA per 18 U.S.C. §3162(a)(2),(b); counsel was
therefore clearly ineffective in failing to pursue any of these remedies,
and moving for dismissal with prejudice on these grounds.


3. THE COURT'S OPEN-ENDED CONTINUANCE ORDER VIOLATED THE SPEEDY TRIAL ACT OF
1974 AND SIXTH AMENDMENT OF THE U.S. CONSTITUTION, AND TRIAL COUNSEL WAS
INEFFECTIVE IN ASSERTING MOVANT'S RIGHTS AND ATTACKING FACIAL DEFECTS OF
THESE VIOLATIONS

United States v. Williams, 753 F.3d 626 (6th Cir. 2014) held that a
continuance unsupported by specific dates and findings is insufficient to
toll the Speedy Trial clock. Here, trial counsel failed to object to the
facial defects of the continuance, as the actual trial date was not set
until July 25 (ECF#73), nor make any effort to preserve the issue. Counsel
failed to demand judicial findings pursuant to §3161(h)(7); insist on a new
trial date and preserve Movant's pro se objections to the delay. An open-
ended continuance with no date or findings is invalid on its face, nor does
it toll the Speedy Trial clock. See: United States v. Keith, 42 F.3d 234,

240 (4th Cir. 1994)(holding that time is not excludable without findings);
United States v. Tunnessen, 763 F.2d 74, 78 (2d Cir. 1985)("An open-ended
continuance is inconsistent with the requirements of the Speedy Trial Act").

Because the continuance was not supported by valid findings, nor
limited in time, any resulting delay was invalid under the Speedy Trial Act.
Hence, the statutory 70-day clock continued to run, and expired well before
trial began on February 14, 2024.

Trial counsel's failure to object to the open-ended continuance, or
move for dismissal per the Speedy Trial Act, constituted deficient
performance under Strickland v. Washington, 466 U.S. 668 (1984). This
deficient performance allowed a clear statutory and Constitutional violation
to go un-challenged, which is prejudicial and demands relief.

4. LACK OF SPECIFIC FINDINGS ON THE RECORD, AND COUNSEL's FAILURE TO OBJECT

For a continuance to be valid, under §3161(h)(7)(A), the court MUST
EXPLICITLY state on the record why the ends of justice served by the delay
outweigh the interests of a speedy trial. Judge Urbanski's order made no
such findings' as his order was vague and boilerplate (ECF#63). Boilerplate
citations alone do not satisfy the statutory requirement that the court
"set forth, in the record of the case, either orally or in writing, its
reasons for finding that the ends of justice...outweigh the best interest of
the public and the defendant in a speedy trial." See §3161(h)(7)(A); Zedner,
547 U.S. at 506-07. Counsel remarkably failed to lodge any challenge under
§3161(h)(7)(B)(iv). Therefore, the delay cannot be excluded from Movant's
speedy trial calculation.

5. COUNSEL'S INEFFECTIVENSS UNDER STRICKLAND v. WASHINGTON

Movant's counsel's performance fell below an objective standard of reasonableness in failing to accomplish his objective in receiving a speedy trial (See ABA Rules of Professional Conduct Rule 1.4), file a Speedy Trial motion or move to quash the indictments based upon the AUSA's delay in bringing the case to trial.

There is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different, with Movant having been tried on the original or first superceding indictment.

## 6. CONCLUSION

Under the Barker test, the 7-month continuance based on a forseeable un-availability of a Government witness, in a non-complex case, where Movant asserted his right to a speedy trial with his counsel and the court, and therefore must be construed as invalid.

Counsel was ineffective in objecting to the facial defects of the continuance, move for a speedy trial or dismissal, which weigh in favor of Mr. Pickett.

This case lacks documented exclusions under §3161 and no proper continuance was entered, lacked citations to legal authority in both the Government's motion and the Court's order, which was signed by an improper electronic signature. These are Constitutional and statutory violations, which demands mandatory dismissal pursuant to 18 U.S.C. §3162(a)(2) and judicial authority pursuant to United States v. Taylor, 487 U.S. 326 (1988) and United States v. Strunk, 412 U.S. 434, 440, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973), holding mandatory dismissal with prejudice where a Sixth Amendment speedy trial violation occurred. The 204-day violation is supported by the

15

four factor balancing test under Barker v. Wingo, 407 U.S. 514 (1972), which
supports Movant's claim of prejudice and ineffective assistance; and Zedner
v. United States, 547 U.S. 489 (2006) regarding slipshod continuances.
United States v. Thomas, 305 F.3d 136 (3d Cir. 2002) held that counsel's
failure to enforce the Speedy Trial Act supported a valid claim of
ineffective assistance of counsel. Movant's counsel clearly failed to file
any motion to dismiss, objections to the continuance nor make any effort,
even de minimus, to protect Movant's rights.

Accordingly, counsel's performance fails the two-pronged test under
Strickland, as Counsel's unprofessional errors prejudiced Movant by delaying
trial and enabling the Government to try defendant on a second superceding
indictment filed 21-days before trial.

16

by the Coeburn police department, supporting an alibi defense. Trial counsel was deficient in failing to investigate and raise an alibi defense. Failure to obtain video evidence to impeach a Government witness has been found to be grounds for ineffective assistance, see: United States v. Ellis, 121 F.3d 908 (4th Cir. 1997). Failure to use available evidence has been grounds for ineffectiveness under Strickland, see: Showers v. Beard, 635 F.3d 625 (3d Cir. 2011). These were not strategic choices but collective inaction lacking justification. If the jury had seen the entirety of the controlled buy videos, and footage of co-defendant Looney obtaining the combination to the safe where the contraband was allegedly found, there is a strong likelihood of a different verdict. Omission of even a single major evidentiary item can be prejudicial. See: Kimmelman v. Morrison, 477 U.S. 365 (1986).


2) Counsel failed to move for an order to compel disclosure or discovery pursuant to Fed. R. Civ. P. 37(a)(1), and for the Court to move pursuant to Fed. R. Civ. P. Rule 37(e)(1), (2)(B), regarding missing exculpatory evidence from the missing Coeburn Police body cam videos during the execution of the search warrant; Counsel was ineffective for failing to request the Court give the jury spoliation instructions based on the Coeburn Police and FBI's failure to preserve the body cam video evidence. See: United States v. Boxley, 373 F.3d 759 (6th Cir. 2004), where the court found a failure to preserve fingerprint evidence required spoilation instruction to the jury.

In Giglio v. United States, 405 U.S. 150, 154, 31L.Ed 2d 104, 92 S.Ct. 763 (1972) held that "'Favorable' evidence includes not only evidence that is exculpatory but also evidence that serves to impeach the credibility of

18

B. GROUND 2: INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILING TO DEVELOP AN
ADEQUATE DEFENSE

Movant respectfully asserts he was deprived of his Sixth Amendment
right to the effective assistance of counsel. Specfically, trial counsel
rendered constitutionally deficient performance by neglecting to secure or
present surveillance footage from Petitioner's residence and secure Coeburn
Police body cam footage, which would have impeached the Goverment's
witnesses, that bore directly on the charges. Counsel's ommissions were not
strategic decisions informed by reasonable professional judgment, but a
failure to conduct a constitutionally adequate investigation, as required
under Strickland, 466 U.S. 668. This deficiency was compounded by
representation by four separate attorneys, none of whom pursued critical
exculpatory evidence. The collective failure of multiple counsel underscores
a systemic breakdown in adversarial testing rather than isolated oversight.
This pattern raises a "reasonable probability...sufficient to undermine
confidence in the outcome" of the trial. See: Fields v. Attorney Gen. of the
State of Maryland, 956 F.2d 1290, 1297 (4th Circuit 1997).

Movant's counsel  failed to develop an adequate defense as follows:

1) Counsel failed to obtain video evidence that would have impeached
testimony of Government witnesses and provided an alibi defense.
        Video footage from Co'eburn Police body cameras and surveillance cameras
at Movant's residence would have shown codefendant Looney getting the
combination to the safe in Movant's bedroom, bringing drugs and firearms
onto the property, placing them in Movant's safe, after Movant was arrested

17

the Government's witnesses; See also: <u>Love v. Johnson</u>, 57 F.3d 1305 (4th Cir. June 22, 1995). Here, counsel failed to raise any claims to preserve this evidence. In addition, counsel was informed by Movant that this evidence would provide an alibi, but failed to make any attempt to recover this video or motion to the Government to preserve this evidence. This failure represents ineffective assistance under <u>Strickland</u> and a due process violation because this evidence had exculpatory value be fore it was lost. See also: <u>Arizona v. Youngblood</u>, 488 U.S. 51, 58, 109 S.Ct. 333, 102 L.Ed. 2d 281 (1988) which held that spoilation or destruction of exculpatory evidence is a due process violation.

Counsel was ineffective for failing to watch the entirety of the controlled buy videos and introduce the entirety of the videos to the jury;

Failure to move for admission of the complete controlled buy videos is a violation of the Rule of Completeness, FRE#106. Movant informed counsel that during the controlled buy videos he stated "I am a convicted felon and don't mess with guns", and requested counsel to view the videos in their entirety for the exculpatory value. Counsel failed to act. FRE#106 states:

"If a party introduces all or part of a recorded statement, an adverse party may require the introduction of any other part in fairness ought to be considered at the same time."

3) Violation of Federal Rules of Evidence #106: Counsels' failure to move for complete access to the controlled buy videos is strong evidence of deficient performance under <u>Strickland</u> because the excluded video footage is critical to understanding the truth. Counsel's conduct fell below an objective standard of reasonableness and prejudiced the outcome of trial. The Fourth Circuit has found that counsel's failure to watch or introduce the entirety of available evidence constitutes deficient performance. See:

19

United States v. Mason, 774 F.3d 824 (4th Cir. 2014).

4) Counsel was ineffective for failing to properly challenge the Government's version of events; objecting to misleading evidence and making an incomplete presentation to the jury;

The Government's use of video clips of the controlled buys are misleading because the full videos would show Movant rejecting any offer to purchase firearms because he is a convicted felon. The use of these video clips were misleading and left out evidence favorable to Movant. Counsel was ineffective for failing to properly challenge the Government's version of events. This also includes the Government's mention of surveillance cameras at his residence as evidence he was a drug dealer, but omitted any video footage from that system because it would have exonerated Movant. Counsel was deficient for failing to raise this at trial. This ineffective trial strategy and failing to contest misleading and missing evidence, in addition to making an incomplete presentation to the jury is proof of ineffectiveness, for Movant would have been found NOT-GUILTY but for counsel's errors. See: United States v. Tucker, 54 F.3d 171 (4th Cir. 1995). Counsel failed to order forensic testing of the contraband to contest Movant's possession charges.

Despite several requests, Movant's counsel failed to request and order testing of the physical evidence for fingerprints and DNA to prove his innocence. Counsel's decision was not part of a strategic decision or strategy because no defense strategy existed. Counsel's only advice was for Movant to sign a plea deal and plead guilty to a crime he didn't commit. Failing to test physical evidence that could have proven a defendant's innocence is constitutionally deficent performance. See: Elmore v. Ozmint, 661 F. 3d 783 (4th Cir. 2011). The Court must find here that the failure to

request testing on seized contraband undermined the reliability of the jury's verdict.

To the extent that new evidence is introduced in support of this motion, Petitioner asserts a claim of actual innocence and invokes the equitable gateway under Schulp v. Delo, 513 U.S. 298 (1995), permitting merits review of otherwise procedurally defaulted claims.

In conclusion, Movant's counsel made numerous blunders in failing to competently execute their duties to provide Movant with an effective defense. The attorneys of record in this case rendered objectively unreasonable representation by failing to a) request forensic testing of key physical evidence, b) obtain and present potentially exculpatory video evidence from Petitioner's residence and Coburn Police body cameras, in addition to requesting access to and viewing the entire controlled buy videos. These omissions were not the product of informed strategic choice but stemmed from a constitutionally inadequate investigation. See: Wiggins v. Smith, 539 U.S. 510, 521-23 (2003)(counsel's failure to investigate key evidence constitutes deficient performance where decision not to pursue it is uninformed)

The omitted forensic testing and videos had the potential to disprove the Government's claim that Petitioner knowingly possessed contraband. Likewise, the video footage, had it been procured and introduced, could have contradicted material elements of the prosecution's case. The cumulative effect of failing to investigate and present this exculpatory evidence substantially undermined the reliability of the verdict. See: Kimmelman v. Morrison, 4577 U.S. 365, 385 (1986).

21

Movant was represented by no fewer than four attorneys, none of whom undertook these essential investigative steps. This pattern of omission supports a finding of systemic ineffectiveness, not strategic restraing. Cf. Hinton v. Alabama, 571 U.S. 263, 274-75 (2014)(failure to investigate due to lack of understanding of applicable law deemed constitutionally deficient).

Accordingly, Movant satisfies both Strickland prongs. The cumulative deficiency in counsel's performance, and the resulting prejudice, deprived Mr. Pickett of a fair trial guaranteed by the Sixth Amendment and therefore render his conviction and sentence constitutionally infirm. Relief under 28 U.S.C. §2255 is therefore warranted.

22

C. GROUND 3: Denial of Conflict-Free Counsel

Under the Sixth Amendment, a defendant has a right to the effective
assistance of counsel, which includes the axiomatic right to an attorney
free of conflicts of interest.

On September 5, Movant filed a letter to the Court asserting his right
to a speedy trial (ECF#78). Because public defender John Jessee failed to
assert Movant's rights and provide competent representation, Movant filed a
pro se motion to fire Mr. Jessee on September 12 (ECF#79). A hearing was set
by Magistrate Judge Sargent for October 10 (ECF#80); Jesee filed his motion
to withdraw on September 13 (ECF#81). The Magistrate then appointed Attorney
and Assistant District Attorney Donald M. Williams, Jr. as counsel on
October 12 (ECF#90). During this time Mr. Williams met with Movant on one
occasion at the jail, and briefly discussed his case, including individuals
that both Williams and Movant had associations with. Williams spent most of
his time discussing softball instead of the matter.

On November 24, Williams filed a motion to withdraw (ECF#93) reporting
a conflict of interest as his work as an assistant D.A. and with the multi-
jurisdictional task force that investigated Movant's case. The Magistrate
granted the motion 4 days later (ECF#94) and appointed public defender
Charles Bledsoe on November 28 (ECF#94), some 6 weeks after Williams was
first appointed. During this 6-weeks, no work was done on Movant's case such
as preparation for trial, formulating a defense or mitigation for
sentencing. Movant was a sitting duck.

An attorney who previously worked with parties materially involved in
Movant's prosecution, namely the Virginia multi-jurisdictional drug task
force and the local prosecutor's office is a conflict that compromised
Williams's loyalty and performance.

23

Not a scintilla of evidence exists that Williams acted to advance
Movant's defense, which is a particularized deficiency in performance. At
all times hereto, Movant was blind to said conflict and made no waiver prior
to discussing his case with Williams. This is a manifest violation of the
Sixth Amendment, as this conflict inpaired Williams ability to independently
advocate for Movant, and the six (6) week delay caused significant
prejudice.

The Fourth Circuit has been clear as a bell in cases where an attorney
conflict adversely affects representation in criminal matters. In United
States v. Tatum, 943 F.2d 370 (4th Cir. 1991), the court reversed a
conviction where an attorney had previously represented a codefendant,
holding that a conflict need not be actual to be unconstitutional. A
potential conflict that adversely affects counsel performance violates the
Sixth Amendment. In United States v. Nicholson, 611 F.3d 191 (4th Cir.
2010), the Circuit Court reiterated that claims of ineffective assistance
based on conflicts of interest are governed by Cuyler v. Sullivan, 446 U.S.
335 (1980), which stated: if the conflict adversely affected counsel's
performance, prejudice is presumed. The Circuit emphasized that prior
conflicting duties, such as serving as an assistant D.A. in this case,
raises Constitutional violations even without proof of specific harm. United
States v. DeTemple' 162 F.3d 279 (4th Cir. 1998) held that prior or
concurrent representations of entities related to a case (such as the
Virginia multi-jurisdictional drug task force) can give rise to an actual
conflict, particularly when not properly disclosed or waived is a clear
Sixth Amendment violation. No such disclosure or waiver was made when Movant
discussed his case with Williams at the county jail.

Under the legal standard set in Sullivan, Movant's Constitutional

24

rights were violated by an actual conflict; and this conflict had an adverse effect on his representation. This dual role of public defender-D.A. represents an actual conflict of interest and is a clear deprivation of Movant's right to conflict-free counsel. This conflicted public defender then waited 43 days to motion the court to withdraw. At least another week would go by before Movant met with his replacement attorney, Charles Bledsoe, which represents almost 50 days with no work being conducted on Movant's case, and crtically impacted his defense. Finally, the Magistrate, who appoints the public defender for indigent defendants, was silent and failed to advise Movant of the conflict, nor was any waiver ever obtained. The blame for this oversight falls squarely on the shoulders of The Court.

Under <u>Tatum</u>, <u>Nicholson</u>, <u>Sullivan</u>, and <u>DeTemple</u> Movant's Sixth Amendment rights were violated.

## VII. ACTUAL INNOCENCE AS A GATEWAY TO REVIEW UNDER SCHLUP v. DELO

In the alternative, to the extent any of Movant's claims may be deemed procedurally defaulted, he respectfully invokes the actual innocence gateway articulated in Schlup v. Delo, 513 U.S. 298 (1995). Under Schlup, a petitioner may overcome procedural bars by presenting "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial," demonstrating that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at 324,327.

In the case at bar, the failure of counsel to pursue forensic testing, recover video evidence and eyewitness affidavits deprived the jury of the opportunity to consider material facts that likely would have established Movant's innocence. If fingerprint or DNA testing of the physical evidence reveals Movant's prints were absent-or implicates another individual (such as James Looney)-or if surveillance footage shows that Petitioner neither possessed nor exercised control over the contraband, then such evidence would directly contradict the prosecution's theory of the case.

As this evidence was never introduced at trial through no fault of Movant, and because it bears directly on the question of actual innocence, the Court should permit review of all underlying constitutional claims in the interests of justice.

26

## VIII. CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Movant respectfully asserts that his conviction and sentence were obtained in violation of his Sixth Amendment right to effective assistance of counsel. Trial and post-indictment counsel failed to investigate, develop and present readily available exculpatory evidence in the form of forensic tresting and video records. Movant's Sixth Amendment right to a speedy trial were violated and his counsel was negligent in asserting this right and moving the Court accordingly. Finally, Movant's right to conflict-free counsel was violated, causing prejudice to his defense. Collectively, the fairness and reliability of the proceedings in this case were undermined.

Mr. Pickett has satisfied the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), and has demonstrated that, but for counsel's constitutionally deficient performance, there is a reasonable probability that the outcome of the trial would have been different.

The cumulative effect of these deficiencies, exacerbated by the inaction of four successive public defenders, constitutes a fundamental miscarriage of justice warranting relief under 28 U.S.C. §2255. WHEREFORE, Mr. Pickett respectfully prays that this Honorable Court:
1. Grant this motion to vacate, set aside, or correct the judgment and sentence pursuant to 28 U.S.C. §2255;
2. Order an evidentiary hearing pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings;
3. Permit discovery as justice requires under Rule 6;
4. Appoint counsel to represent Mr. Pickett at further proceedings, if necessary; and
5. Grant such other and further relief as the Court deems just and proper.

27

Respectfully submitted

Rodney Pickett, counsel pro se

On this 25 day of July, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. §2255 to be served via First Class U.S. Mail utilizing the prison legal mail system at FCI Fort Dix, and thus invoking the Prison Mailbox Rule of Houston v. Lack, 487 U.S. 266 (1988), to the following party:

Clerk of Court
U.S. District Court, Western District of Virginia (Big Stone Gap)
Federal Building
180 West Main Street
Room 104
Abingdon, VA 24210

I further certify that service to all registered CM/ECF users including the AUSA is accomplished through CM/ECF notification when documents are scanned and entered into the ECF system.

On this 25 day of July, 2025.

Rodney Pickett, Reg. No. 55418-510
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640